CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 19 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL C. CRADDOCK, ET AL., | ) |
| Plaintiffs, | ) Civil Action No. 7:14CV00093 |
| v. | ) **MEMORANDUM OPINION** |
| BENEFICIAL FINANCIAL I INC., | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

This case is presently before the court on the plaintiffs' motion to remand, or in the alternative, for leave to amend the complaint. For the following reasons, the motion will be denied.

## Background

The plaintiffs, Michael and Lourie Craddock, initiated this suit to quiet title in the Circuit Court of Craig County, Virginia. Although the plaintiffs named Beneficial Mortgage Company of Virginia ("Beneficial Mortgage") and Beneficial Discount Company of Virginia ("Beneficial Discount") as the only defendants to the suit, Beneficial Financial I Inc. ("Beneficial Financial") removed the case under the federal diversity jurisdiction statute, 28 U.S.C. § 1332, asserting that the named defendants had previously been merged into Beneficial Financial. Shortly thereafter, the plaintiffs filed the instant motion to remand, or in the alternative, for leave to amend the complaint. The matter has been fully briefed and, with neither party requesting a hearing, the matter is ripe for review.

## Discussion

### I. Motion to Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Craddocks assert that the court lacks subject matter jurisdiction and seek to remand their case to the Circuit Court of Craig County. The plaintiffs base their motion to remand on (1) lack of diversity jurisdiction; (2) the doctrine of unclean hands; and (3) the Rooker-Feldman doctrine. The court will address each argument in turn.

#### A. Lack of Diversity Jurisdiction

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). "[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008).

Here, the parties agree that the Craddocks are citizens of Virginia. Compl. ¶ 1, Docket No. 1-1; Notice of Removal ¶ 5, Docket No. 1. However, the parties disagree over the identity and citizenship of the corporate defendant(s). In their complaint, the plaintiffs name as defendants both Beneficial Mortgage and Beneficial Discount. The Craddocks allege that each

2

entity is incorporated in Delaware, with its principal place of business in Virginia. On the contrary, Beneficial Financial asserts in its notice of removal that the plaintiffs improperly identified the defendant in their complaint because Beneficial Mortgage and Beneficial Discount had previously merged into Beneficial Financial. The defendant alleges that Beneficial Financial is incorporated in California, with its principal place of business in Illinois.

Recognizing that the record contained insufficient evidence upon which to consider the plaintiffs' motion to remand, the court invited the parties to present evidence, declarations, or affidavits on the narrow issue of whether Beneficial Mortgage and Beneficial Discount are entities that no longer exist because they merged into Beneficial Financial. After reviewing the parties' submissions, the court is convinced that the named defendants have, in fact, merged into Beneficial Financial.[1] Further, the defendant has sufficiently established that Beneficial Financial is a California corporation with its principal place of business in Mettawa, Illinois. Therefore, the defendant is deemed to be a citizen of California and Illinois for diversity jurisdiction purposes, and the parties are completely diverse. 28 U.S.C. § 1332(c)(1).

The plaintiffs also argue that "the amount in controversy is questionable" since "there is no actual money in controversy." Mot. to Remand ¶ 4, Docket No. 5. It is well-established that in suits to quiet title, "the amount in controversy is the value of the whole of the real estate to which the claim extends and not the value of [the] defendant's claim." Peterson v. Sucro, 93 F.2d 878, 882 (4th Cir. 1938) (internal quotation marks and citations omitted); see also id. ("[I]t is the value of the property rather than the claim of the contending parties which fixes the amount in controversy for purposes of jurisdiction."). Here, the unchallenged value of the real

---

[1] The caption of the case has been amended to reflect the current name of the defendant.

3

estate at issue is $210,300—well above the $75,000 threshold required under 28 U.S.C. § 1332. See Real Property Tax Assessor Record, Notice of Removal Ex. 3, Docket No. 1-3.

Since the parties are completely diverse and the amount in controversy exceeds $75,000, the plaintiffs' motion to remand for lack of diversity jurisdiction must be denied. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 356 (1988) ([D]iversity jurisdiction . . . is not discretionary.").

B.  Unclean Hands

Next, the plaintiffs assert that this action is properly heard in state court, and not in federal court, because the defendant has unclean hands. The doctrine of unclean hands is "an ancient maxim of equity courts" requiring that "a litigant who seeks to invoke an equitable remedy must have clean hands." Cline v. Berg, 639 S.E.2d 231, 233–34 (Va. 2007) (quoting Richards v. Musselman, 267 S.E.2d 164, 166 (Va. 1980), and Butler v. Hayes, 487 S.E.2d 229, 232 (Va. 1997)) (internal quotation marks omitted). In other words, "the complainant seeking equitable relief must not himself have been guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on." Id. (quoting Richards, 267 S.E.2d at 167 n.1).

The Craddocks' reliance on the doctrine of unclean hands is misplaced for two reasons. First, the doctrine of unclean hands is properly invoked by a defendant, and not by a plaintiff, as a defense to the plaintiff's claim for equitable relief. Applied in this case, the doctrine would require the Craddocks, who seek equitable relief in the form of a declaratory judgment, to come into court with clean hands. Second, the doctrine of unclean hands does not strip a federal court of jurisdiction to hear a case that has been properly removed. Rather, the doctrine applies with

4

equal force in both federal court and state court in Virginia. Therefore, the plaintiffs' motion to remand on the basis of unclean hands must be denied.

C. Rooker-Feldman Doctrine

Finally, the plaintiffs assert that the Rooker-Feldman doctrine deprives the court of jurisdiction over this matter. The Rooker-Feldman doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[2] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Since no state court judgment has been rendered in this case, the plaintiffs' motion to remand on the basis of the Rooker-Feldman doctrine must be denied.

## II. Alternative Motion for Leave to Amend Complaint

The plaintiffs style their alternative motion as one for leave to amend the complaint, but the supporting brief makes clear that the plaintiffs in fact seek a final determination on the merits. As an alternative to remanding the case, the plaintiffs ask this court to "enter an order declaring that [the defendant] has no interest in the subject property," and that the "plaintiff[s are] entitled to a judgment of quiet title." Mot. to Remand ¶ 21, Docket No. 5. A decision on the merits is not proper at this time. Therefore, the plaintiffs' alternative motion will be denied.

---

[2] The Rooker-Feldman doctrine is named after two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

## Conclusion

For the reasons stated, the court will deny the plaintiffs' motion to remand, or in the alternative, for leave to amend the complaint. Additionally, the caption will be amended to reflect the current name of the defendant, Beneficial Financial I Inc.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiffs and all counsel of record.

ENTER: This 19th day of May, 2014.

_____
Chief United States District Judge