CLERK'S OFFICE U.S. DIST. C(
AT ROANOKE, VA
FILED

SEP 04 20??

JULIA
BY:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL C. CRADDOCK, et al., | ) |
| | ) Civil Action No. 7:14-CV-00093 |
| Plaintiffs, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| | ) By: Hon. Glen E. Conrad |
| BENEFICIAL FINANCIAL I, INC., | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

This matter is presently before the court on the motion to dismiss filed by Defendant Beneficial Financial I, Inc. ("Beneficial"). For the following reasons, the motion will be granted.

**Factual and Procedural Background**

Plaintiffs Michael and Lourie Craddock obtained a home mortgage loan (the "Loan") from Beneficial on July 23, 2003, which was secured by a deed of trust against 491 Sycamore Crossing in New Castle, Virginia (the "Property"). See Deed of Trust dated July 23, 2003, Compl. Ex. B, ECF 8; see also Loan Agreement, Def.'s Mot. Dismiss Ex. 1, ECF 9-2. Plaintiffs then obtained a home equity line of credit (the "HELOC") from Beneficial on August 27, 2004, which was also secured by a deed of trust against the Property. See Deed of Trust dated August 27, 2004, Compl. Ex. C, ECF 8; see also HELOC Agreement, Def.'s Mot. Dismiss Ex. 2, ECF 9-3.

On January 9, 2014, Plaintiffs, proceeding pro se, filed this action in the Circuit Court for Craig County, Virginia. In their complaint, Plaintiffs allege that the Loan Agreement and HELOC Agreement were "fraudulent in their interest rate[s]." Compl. ¶ 8. Specifically, Plaintiffs state that they were told the interest rates "would be…fixed low interest rate[s]," but

that the Loan and the HELOC are instead "variable rate, high interest loans." Id. Plaintiffs claim that these interest rates damaged "the value of Plaintiffs' property[,]...[their] creditworthiness, and...their emotional health and wellbeing." Id. at ¶ 9. Plaintiffs assert that because the loans were "fraudulently obtained, they are both void ab initio and cannot be enforced by [Beneficial]." Id. at ¶ 11. Plaintiffs therefore seek "an order compelling [Beneficial]...to transfer title and possession of [the Property] to Plaintiffs," and "a declaration...that Plaintiffs are the rightful holder of title to the Property" and that Beneficial "has no estate, right, title, or interest in said Property." Id. They also seek to recover the costs incurred in bringing this action.

Although Plaintiffs named Beneficial Mortgage Company of Virginia and Beneficial Discount Company of Virginia as defendants to the suit, Beneficial removed the case under the federal diversity jurisdiction statute, 28 U.S.C. § 1332, asserting that the named defendants had previously merged into Beneficial. Shortly thereafter, the plaintiffs filed a motion to remand, which the court denied by opinion and order entered May 19, 2014. Beneficial then filed this motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The court held a hearing on this motion on August 29, 2014, and the motion is now ripe for review.

## Standard of Review

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and make all reasonable inferences

---

[1] Beneficial also filed a motion to stay discovery pending resolution of the present motion on June 20, 2014. Plaintiffs subsequently filed a motion to compel Beneficial to comply with their discovery requests on July 30, 2014.

2

in the plaintiff's favor.[2] Bell Atlantic v. Twombly, 550 U.S. 540, 570 (2007). Nonetheless, a complaint must contain more than a "formulaic recitation of the elements of a cause of action... [or] naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted). A complaint should also be dismissed "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brockton v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011) (internal citations omitted).

Allegations made by a plaintiff proceeding pro se should be "liberally construed, and...must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal citation omitted). Nevertheless, the court "cannot ignore a clear failure to allege facts positing a claim cognizable in a federal district court." Luther v. Wells Fargo Bank, 4:11-CV-00057, 2012 WL 4404318, at *3 (W.D. Va. Aug. 6, 2012) (citing Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990)). "The special judicial solitude with which a district court should view...pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller, 901 F.2d at 391 (internal quotation omitted).

## Discussion

In support of its motion to dismiss, Beneficial contends that Plaintiffs' complaint fails to allege sufficient facts to survive Rule 12(b)(6) dismissal because it does not allege fraud with particularity as required by Rule 9(b). Beneficial further argues that Plaintiffs' claims are contradicted by the loan documents that they signed and are barred by Virginia's two-year statute

---

[2] The court can consider not only the complaint itself, but also "documents incorporated into the complaint by reference," Tellabs v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), "as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

3

of limitations. Beneficial also asserts that even if Plaintiffs had properly stated a cause of action, they would be entitled to money damages only, not to the quiet title order they seek. The court agrees that Plaintiffs' claims fail to allege fraud with particularity as required by Rule 9(b) and are barred by the statute of limitations. Accordingly, the court need not reach Beneficial's other arguments.

Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). The circumstances to be pleaded with particularity include "at a minimum,…the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 786 (4th Cir. 1999)). Rule 9(b) is designed "to provide the defendant with sufficient notice of the basis for the plaintiff's claim, to protect the defendant against frivolous suits, to eliminate fraud actions where all of the facts are learned only after discovery, and to safeguard the defendant's reputation." Harrison, 176 F.3d at 783-84.

In their complaint, Plaintiffs allege that Beneficial "fraudulently obtained" the Loan and HELOC agreements and that those agreements are "fraudulent in their interest rate[s]." Compl. ¶¶ 11, 8. However, Plaintiffs fail to state this alleged fraud with particularity. The complaint does not describe the contents of the alleged fraudulent misrepresentations, when they were made, where they were made, how they were made, or who made them. Absent any specific allegations supporting Plaintiffs' fraud claim, the complaint does not satisfy Rule 9(b) and must be dismissed. See Van Leer v. Deutsche Bank Securities, Inc., 479 Fed. Appx. 475, 483 (4th Cir.

4

2012) (unpublished) (affirming a district court's dismissal with prejudice of borrower's fraud claim under Rule 12(b)(6) when it failed to satisfy the heightened pleading standard of Rule 9(b)); see also Luther, 2012 WL 4404318, at *3 (dismissing pro se borrowers' fraud claim for failure to satisfy Rule 9(b)).

However, even if Plaintiffs alleged fraud with the required particularity, their claims are nonetheless barred by the statute of limitations. In a federal diversity action, state law governs the existence and interpretation of the statute of limitations. See Conner v. St. Luke's Hosp., 996 F.2d 651, 653-55 (4th Cir. 1993); see also West v. Conrail, 481 U.S. 35, 39 n.4 (1987). In Virginia, "every action for damages resulting from fraud… shall be brought within two years after the cause of action accrues." VA. CODE ANN. § 8.01-243(A). This two-year limitations period applies when alleged fraudulent misrepresentations are made incident to the conveyance of real property. See, e.g., Pigott v. Moran, 231 Va. 76, 81 (1986) (applying two-year statute of limitations to misrepresentations regarding the zoning of adjacent property).

A cause of action for fraud accrues "when such fraud, mistake, misrepresentation, deception, or undue influence is discovered or by the exercise of due diligence reasonably should be discovered." VA. CODE ANN. § 8.01-249(1). At oral argument, Mr. Craddock admitted to signing the Loan Agreement on July 23, 2003 and the HELOC Agreement on August 27, 2004. Those agreements clearly state the applicable interest rates, so Plaintiffs either knew or should have known of those rates when they were signed. Any cause of action for fraud arose at that time and became time-barred two years later, on July 23, 2005 and August 27, 2006, respectively. Plaintiffs failed to file their complaint until January 9, 2014, over seven years after the statute of limitations expired, so their case must be dismissed. See Brockton, 637 F.3d at 506

5

(stating that the court should grant a defendant's motion to dismiss "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense" such as the statute of limitations).

In reaching this decision, the court emphasizes that issues of foreclosure are not before it. Thus, the court's decision regarding the sufficiency and timeliness of the fraud claims set forth in Plaintiffs' complaint has no bearing on any foreclosure proceedings relating to the Property.

## Conclusion

For the reasons stated, Defendants' motion to dismiss is granted. The outstanding discovery motions in this case are therefore also dismissed as moot. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 4th day of September, 2014.

/s/ Glen Conrad
Chief United States District Judge